UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY SCOTT JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>    Defendant. | No. 1:20-cv-00462-GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF**<br><br>**(Doc. 23)** |

### I.     Introduction

Plaintiff Randy Scott Jones ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI, respectively, of the Social Security Act.  The matter is before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[1]  *See* Docs. 23, 27, 28.  After reviewing the record the Court finds that substantial evidence and applicable law support the ALJ's decision.  Plaintiff's appeal is therefore denied.

### II.     Factual and Procedural Background[2]

On December 19, 2016 Plaintiff applied for benefits alleging disability as of July 4, 2015 due to PTSD, sciatica, history of heart attack, degenerative disc disease, COPD, and hearing loss.  AR 77.  The Commissioner denied the applications initially on April 27, 2017 and on reconsideration on July 14, 2017.  AR 92, 155.

Plaintiff requested a hearing which was held before an Administrative Law Judge (the

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.  *See* Docs. 6 and 10.

[2] The Court has reviewed the administrative record including the medical, opinion and testimonial evidence, about which the parties are well familiar.  Relevant portions thereof will be referenced in the course of the analysis below when relevant to the arguments raised by the parties.

1

"ALJ") on February 28, 2019.  AR 49–76.  On April 2, 2019 the ALJ issued a decision denying Plaintiff's application.  AR 16–28.  The Appeals Council denied review on February 19, 2020.  AR 1–7.  On March 31, 2020 Plaintiff filed a complaint in this Court.  Doc. 1.

### III. The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits.  "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted).  Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla, but less than a preponderance.  *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted).  When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and internal quotation marks omitted).  If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted).  "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe impairments," (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f). While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy, given her RFC, age, education and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

### IV. The ALJ's Decision

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of July 4, 2015. AR 22. At step two the ALJ found that Plaintiff had the following severe impairments: discogenic and degenerative disease, hearing loss not treated with cochlear implant, and history of myocardial infarction. AR 22. The ALJ also determined at step two that Plaintiff's depressive disorder, PTSD and alcohol use disorder, when considered singly or in combination, were non-severe because they did not cause more than minimal limitations in his ability to perform basic work activities. AR 22. At step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 23–24.

Prior to step four the ALJ evaluated Plaintiff's residual functional capacity (RFC) and

concluded that Plaintiff had the RFC to perform a range of light work: could sit, stand and walk for six, four and four hours, respectively; could occasionally perform some postural activities and frequently perform others; could tolerate moderate noise; and should avoid concentrated exposure to workplace hazards including unprotected heights and heavy machinery. AR 24. At step four the ALJ found that Plaintiff could not perform his past relevant work as a welder. AR 26. At step five, based on the VE's testimony, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, namely: cashier II, sales attendant, and small parts assembler. AR 27. Accordingly, the ALJ found that Plaintiff was not disabled since his alleged onset date of July 4, 2015. AR 28.

## V.   Issues Presented

Plaintiff contends that the ALJ erred in finding his mental health impairments non-severe at step two in contravention of the consultative examiner's opinion, and in rejecting his subjective symptomology.

### A.   Step Two Non-Severity Finding

#### 1.   Applicable Law

At step two of the five-step process, plaintiff has the burden to provide evidence of a medically determinable physical or mental impairment that is severe and that has lasted or can be expected to last for a continuous period of at least twelve months. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004–05 (9th Cir. 2005) (*citing* 42 U.S.C. § 423(d)(1)(A)). A medically determinable physical or mental impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques," and will not be found based solely on the claimant's statement of symptoms, a diagnosis or a medical opinion. 20 C.F.R. § 404.1521.

Step two is "a de minimis screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). A "severe" impairment or combination of

impairments is one that significantly limits physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520.  An impairment or combination of impairments should be found to be "non-severe" only when the evidence establishes merely a slight abnormality that has no more than a minimal effect on an individual's physical or mental ability to do basic work activities. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); 20 C.F.R. §§ 404.1522, 416.922. "Basic work activities" mean the abilities and aptitudes necessary to do most jobs, including physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling, and mental functions such as the ability to understand, carry out, and remember simple instructions, deal with changes in a routine work setting, use judgment, and respond appropriately to supervisors, coworkers, and usual work situations. 20 C.F.R. § 404.1522, 416.922.

When reviewing an ALJ's findings at step two the Court "must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments."  *Webb*, 433 F.3d at 687 (citing *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.")).

An ALJ may reject an uncontradicted opinion of a treating or examining physician only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining physician may be rejected for "specific and legitimate" reasons.  *Id.* at 830.  In either case, the opinions of a treating or examining physician are "not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).  Regardless of source, all medical opinions that are not given controlling weight are evaluated using the following factors: examining relationship, treatment relationship, supportability, consistency, and specialization.  20

C.F.R. § 404.1527(c).  The opinion of a non-examining physician (such as a state agency physician) may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)

### 2.  **Analysis**

The ALJ concluded at step two that Plaintiff's mental impairments caused no more than mild limitations in Plaintiff's ability to perform basic work-related activities and were therefore non-severe.  In contrast, Dr. Portnoff conducted a consultative psychiatric examination of Plaintiff on March 24, 2017 and opined, in relevant part, that Plaintiff's depressive disorder and PTSD caused mild to moderate limitations in the following areas:  social interaction; ability to complete a normal workday/workweek without interruptions from psychiatric conditions; ability to deal with the stress encountered in a competitive working environment.  AR 422–23.  In addressing this opinion, the ALJ stated as follows: "the undersigned affords the mild assessments significant weight, as this portion of the opinion is supported by examination findings, while the moderate findings are less supported."  AR 23.

Plaintiff argues as follows: 1) that dismissing the moderate limitations as "less supported" was insufficiently specific; 2) that the non-examining psychologists' opinions (which the ALJ did adopt) warranted less weight as they did not have the benefit of an in-person examination; and 3) that the non-examining psychologists lacked access to a significant portion of the medical evidence.  Br. at 7–10.  Plaintiff's arguments are addressed below.

First, while Plaintiff focuses on the one sentence the ALJ devoted specifically to Dr. Portnoff's opinion, he overlooks the preceding discussion in which the ALJ explained why he concluded that Plaintiff's alcohol use disorder, depressive disorder, and PTSD caused no more than mild mental limitations in any work-related area, and thus his mental impairments were therefore non-severe.  Although that discussion was not couched in terms of an analysis of Dr.

Portnoff's opinion, the discussion was equally applicable to the ALJ's related decision to reject the contrary portions of Dr. Portnoff's opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("It is true that the ALJ did not recite the magic words, 'I reject Dr. Fox's opinion about the onset date because . . .' But our cases do not require such an incantation. As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion. It is proper for us to read the paragraph discussing Dr. Pont's findings and opinion, and draw inferences relevant to Dr. Fox's findings and opinion, if those inferences are there to be drawn.").

The ALJ's reasoning in support of the non-severity finding included the following factual observations, supported by citations to the record: 1) notwithstanding his history of alcohol abuse, he reported he had been sober since December 2014; 2) examination yielded findings generally with normal limits including full orientation, fair memory, abstract thinking, insight, and judgment; 3) consultative examination notes also reflected findings within normal limits including adequate concentration, persistence and pace, only mild psychomotor discomfort, no abnormal movements, good eye contact, intact repetitive language comprehension, intact memory and concentration, along with adequate insight, despite having inadequate social judgment; and 4) that Plaintiff reported performing household activities, such as cooking, caring for personal needs, performing household chores, managing his own money, building model cars and going fishing. AR 23  (citing Ex. 7F, 4F, 5F).

In sum, the ALJ identified ample clinical and testimonial evidence in support of his conclusion that Plaintiff's depressive disorder, PTSD and alcohol use disorder caused no more than minimal limitations in Plaintiff's ability to perform basic work activities. *See Webb*, 433 F.3d at 686.  Inconsistency with clinical evidence is also a sufficient basis to reject an examining opinion, such as Dr. Portnoff's opinion. *See  Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir.

2005); 20 C.F.R. § 416.929(c)(3)(i). Plaintiff does not acknowledge or dispute the ALJ's recitation of the relevant objective and testimonial evidence or the inferences the ALJ derived therefrom, nor does Plaintiff identify any countervailing evidence in the administrative record.

Second, Plaintiff suggests that Dr. Portnoff's opinion was necessarily entitled to more weight than the non-examining state agency psychologists, Drs. Schwartz and Collado, both of whom opined Plaintiff had only mild limitations. AR 85, 115. However prevailing law holds that the opinion of a non-examining physician (such as a state agency physician) may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). All other things being equal, examining physician's opinions are indeed entitled to more weight. The more salient issue here is the consistency of each opinion with independent clinical findings and other evidence in the record, an issue which the ALJ addressed.

Finally, Plaintiff contends that the non-examining psychologists' opinions were unreliable because they "lacked access to a significant portion of the medical evidence." Br. at 8. As is almost always the case in instances where the claimant continues his course of treatment after the initial and reconsideration determinations, the administrative record does reflect some medical evidence post-dating the conclusions of the state agency psychologists. *See, e.g.*, AR (AR 448–469). Yet Plaintiff neither discusses such evidence nor attempts to explain how it might undermine the ALJ's non-severity finding. As such, his argument falls short. *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review") (citation omitted); *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) ("The claimant carries the initial burden of proving a disability.") (citation omitted); *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an

impairment is insufficient proof of a disability" because the "claimant bears the burden of proving that an impairment is disabling").

Moreover, the fact that the non-examining opinions dated April and July 2017 predated certain medical records would not be a basis to accord more weight to the March 2017 opinion of Dr. Portnoff (which predated the non-examining opinions) as Dr. Portnoff also lacked access to those records.

### B. Plaintiff's Subjective Symptomology

#### 1. Applicable Law

The ALJ is responsible for determining credibility,[3] resolving conflicts in medical testimony and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). A claimant's statements of pain or other symptoms are not conclusive evidence of a physical or mental impairment or disability. 42 U.S.C. § 423(d)(5)(A); Soc. Sec. Rul. 16-3p.

An ALJ performs a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Smolen*, 80 F.3d at 1281; S.S.R 16-3p at 3. First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014; *Smolen*, 80 F.3d at 1281–82. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ must "evaluate the intensity and persistence of [the claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." S.S.R. 16-3p at 2.

An ALJ's evaluation of a claimant's testimony must be supported by specific, clear and

---

[3] Social Security Ruling 16-3p applies to disability applications heard by the agency on or after March 28, 2016. Ruling 16-3p eliminated the use of the term "credibility" to emphasize that subjective symptom evaluation is not "an examination of an individual's character" but an endeavor to "determine how symptoms limit ability to perform work-related activities." S.S.R. 16-3p at 1-2.

9

convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014); *see also* S.S.R. 16-3p at *10. Subjective pain testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," but the medical evidence "is still a relevant factor in determining the severity of claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); S.S.R. 16-3p (citing 20 C.F.R. § 404.1529(c)(2)).

The ALJ must examine the record as a whole, including: objective medical evidence; the claimant's representations of the intensity, persistence and limiting effects of his symptoms; statements and other information from medical providers and other third parties; and any other relevant evidence included in the individual's administrative record. S.S.R. 16-3p at 5.

### 2. **Analysis**

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and found no malingering. AR 25. Thus, the ALJ was required to articulate clear and convincing reasons before rejecting Plaintiff's reported symptoms. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017).

After summarizing Plaintiff's testimony, the ALJ rejected the same as inconsistent with the medical and other evidence of record "for the reasons explain in this decision." AR 25. Plaintiff draws specific attention to his testimony that due to back pain he: 1) required a walking stick; 2) was unable to walk more than 100-200 feet; 3) was unable to sit for more than 20 minutes; and 4) was unable to stand more than one hour. AR 61–62.

On the subject of his back condition, the ALJ identified the following facts: 1) that March 2015 x-rays revealed degenerative changes from L4 to S1 disc spaces and moderate changes in the L2 to L4 disc spaces; 2) that a march 2019 MRI revealed moderate canal stenosis and severe foraminal stenosis at L5-S1 and on the right at L4-L5; 3) that Plaintiff received no significant treatment or examinations as of the alleged onset date of his degenerative disc disease; 4) that the

only examination of record was the March 2017 consultative examination by Dr. Siekerkotte which reflected: broad based gait, walking with a stick, leg pain with squatting, ability to stand on heels and toes and on one leg briefly, decreased range of motion, negative straight leg raise in the seated position, positive straight leg raise in the supine position, and tenderness across the lower back. AR 25.

Plaintiff contends the ALJ's discussion fails to reveal any basis for rejecting his testimony as needing a walking stick and having difficulty sitting, standing and walking for extended periods. Indeed, the x-ray and MRIs of record show significant abnormalities reasonably consistent with Plaintiff's reported back symptoms and lower leg symptoms. However, imaging in and of itself does not speak directly to Plaintiff's functionality. There is no medical opinion evidence supporting Plaintiff's alleged physical limitations and there is minimal objective clinical examination evidence suggestive of physical limitations. The only physical examination during the relevant period was the consultative examination by Dr. Siekerkotte. Dr. Siekerkotte's examination notes did identify some deficits including reduced range of motion, positive straight leg raise, and back tenderness, but Dr. Siekerkotte nevertheless opined that Plaintiff could stand and walk four hours and sit without limitation. AR 415–416. Although Dr. Siekerkotte noted that Plaintiff did in fact use a walking stick, she opined that it was not required for him to walk. AR 415–416.

In sum, neither the imaging findings nor the deficiencies identified during the consultative examination necessarily mandate the conclusion that Plaintiff could or could not sit, stand and walk for 4-6 hours each without the use of ambulatory devices. Under such circumstances, the ALJ reasonably deferred to the conclusions of the only medical experts who spoke on the subject, namely Dr. Siekerkotte and the non-examining physicians, all of whom opined that Plaintiff could sit, stand and walk 4-6 hours each without the use of ambulatory devices. *Jamerson v. Chater*,

112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted) (noting that if the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision.).

Finally, the ALJ noted that there was a lack of significant treatment history relating to Plaintiff's back condition, an observation that Plaintiff does not dispute. This was an additional clear and convincing reason to reject his testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("The ALJ may consider many factors in weighing a claimant's credibility," including "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment").

### VI.     Conclusion and Order

For the reasons stated above, the Court finds that substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled. Accordingly, Plaintiff's appeal from the administrative decision of the Commissioner of Social Security is denied. The Clerk of Court is directed to enter judgment in favor of Defendant Kilolo Kijakazi, Commissioner of Social Security, and against Plaintiff Randy Scott Jones.

IT IS SO ORDERED.

Dated:   **October 13, 2021**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE